EVANGELICAL BAPTIST BENEVOLENT AND MISSIONARY SOCIETY *vs.* CITY OF BOSTON.

Suffolk. November 21, 1905. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Tax,* Exemption. *Statute,* Construction. *Evangelical Baptist Benevolent and Missionary Society. Tremont Temple.*

The provision of St. 1857, c. 154, § 2, that the Evangelical Benevolent and Missionary Society incorporated by that chapter " may hold real and personal estate to the amount of three hundred and fifty thousand dollars, which property, and

the net income thereof after the same has been paid for, shall be appropriated exclusively for the purposes in this act specified, and the same shall be exempted from taxation," exempts from taxation the property of that corporation only to the amount named, and does not operate as a specific exemption from taxation of the first property acquired by the corporation which consisted of real estate worth at the time of its acquisition less than $350,000.  *Hardy* v. *Waltham,* 7 Pick. 108, and *Harvard College* v. *Boston,* 104 Mass. 470, distinguished.

MORTON, J.   This is an action of contract to recover back taxes alleged to have been assessed and collected unlawfully. The taxes were assessed as of May 1, 1903.   The case was submitted to the Superior Court on agreed facts, and a *pro forma* finding was made for the defendant from which the plaintiff appealed.

The plaintiff is the owner of the land and building on Tremont Street, Boston, known as Tremont Temple, the total valuation of which as determined by the assessors in 1903 was $935,000.   From this the assessors deducted the sum of $350,000 and assessed the plaintiff on the balance.   This deduction was made pursuant to § 2 of c. 154 of the Acts of 1857, under which the plaintiff was incorporated and organized.   That section is as follows : " Section 2.  Said corporation may hold real and personal estate to the amount of three hundred and fifty thousand dollars, which property, and the net income thereof after the same has been paid for, shall be appropriated exclusively for the purposes in this act specified, and the same shall be exempted from taxation."   The property was acquired by the plaintiff in 1858, and the total value of the land and building was then and continued for some years to be less than $350,000.   In 1893 the building was destroyed by fire and a new one was built at a cost of upwards of $346,000.   For purposes of assessment the land was valued at $611,000 and the building at $324,000, making the total of $935,000 referred to above.   The plaintiff contends, in substance, that the effect of the section quoted above is to exempt from taxation property acquired by it up to the value of $350,000 regardless of the subsequent increase in value, and that as the plaintiff had no other property, so far as appears, when this was acquired, and it was less than $350,000 in value, it comes within the exemption.   In other words it contends that the exemption is specific rather than general in character, and attached for the benefit of the plaintiff

to particular parcels as acquired up to the limit named. In support of this contention it relies upon the cases of *Hardy* v. *Waltham*, 7 Pick. 108, and *Harvard College* v. *Boston*, 104 Mass. 470. These cases arose under the charter of Harvard College where the language is quite different from that in the case before us. The material part of the charter is printed in the margin in *Harvard College* v. *Boston, supra,* pages 473, 474. The provision relating to exemption is as follows: "And further, be it ordered by this court and the authority thereof, that all the lands, tenements and hereditaments, houses or revenues, within this jurisdiction, to the aforesaid president or college appertaining, not exceeding the value of five hundred pounds per annum, shall from henceforth be freed from all civil impositions, taxes and rates." This was construed in the cases above referred to as exempting specifically lands and tenements not exceeding in value five hundred pounds per annum. There is an intimation in *Harvard College* v. *Boston,* upon page 489, that if the question were a new one, a different construction might be adopted. However that may be, the language of the charter particularly exempts lands, tenements, hereditaments and houses not exceeding in value the amount named. The exemption therefore is not only an exemption of a given amount of property but of the specific parcels of which it may be composed. In the present case the plaintiff is given the general right to hold property to the amount of $350,000, and then it is provided generally that "the same shall be exempted from taxation." The intention was to provide that the corporation could hold property to a given amount and to exempt that amount from taxation. It follows that all above that amount however and whenever acquired is liable to taxation. This is the construction on which the assessors have acted. There is no contention that the property is exempt on any other ground, and the result is that the judgment must be affirmed.

*So ordered.*

*J. R. Dunbar & H. M. Davis,* for the plaintiff.
*T. M. Babson,* for the defendant.